IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL WAUGH, | § | REMOVED FROM |
| *Plaintiff* | § | CAUSE NO. D-1-GN-15-002023 |
| | § | 200TH JUDICIAL DISTRICT |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| FLUOR CORPORATION AND | § | CIVIL ACTION NO. 1:15-cv-00559 |
| THE INSURANCE COMPANY OF | § | |
| THE STATE OF PENNSYLVANIA, | § | |
| *Defendants.* | § | JURY |

**DEFENDANT THE INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA'S NOTICE OF REMOVAL**

1.      Defendant The Insurance Company of the State of Pennsylvania files this Notice of Removal pursuant to 28 U.S.C. Sections 1332, 1441, and 1446.

**I.  The State Court Lawsuit**

2.      On May 26, 2015, Plaintiff Michael Waugh filed his Original Petition in which he sued Fluor Corporation ("Fluor") and The Insurance Company of the State of Pennsylvania ("ICSOP"). (Pl.'s Orig. Pet., Ex. A).[1] Citation and Plaintiff's Petition was served on ICSOP's agent for service of process on May 27, 2015. (Notice of Service of Process, Ex. A).

---

[1] ICSOP is filing a certified copy of the state court docket sheet and complete state court file as Exhibit A to its Notice of Removal ("Notice"). ICSOP is also attaching the Declaration of Henry S. Platts, Jr., counsel for ICSOP, which supports this Notice. Finally, ICSOP is filing the Supplement to JS 44 Civil Cover Sheet Cases Removed from State District Court, which identifies the state court, case number, style of the case, all parties to the case, whether there was a jury demand, and whether there are any counterclaims, cross claims, or third party claims.

3. In Plaintiff's Original Petition ("Petition"), Plaintiff contends that he was "seriously injured in the course and scope of his employment in Venezuela on April 3, 2003." (*See* Pl.'s Orig. Pet. at 2, Ex. A). Plaintiff alleges that he was a Fluor Corporation employee, and that he was insured through ICSOP:

> under a policy that <u>provides workers' compensation coverage offering identical benefits as would be available to Plaintiff had he been injured in the course and scope of his employment</u> while in the employ of a Texas employer subscribing to the Texas statutory worker's compensation in place in 2003.

(*Id*. (emphasis added)). Plaintiff claims that he has exhausted his indemnity benefits under the insurance policy; however, he is still entitled to lifetime medical benefits. (*Id*. at 3). Plaintiff alleges that he has presented claims for medical treatment under the insurance policy. (*Id*.). Instead of paying the claim, he contends that "Defendant"[2] has "delayed payment in an effort to induce Plaintiff to settle his lifetime medical benefits in exchange for a lump sum payment approximately equivalent to the dollar amount of Plaintiff's present medical expense claim." (*Id*.).

4. Plaintiff claims that he has been damaged as a result of Defendant's actions. (*Id*.). As such, Plaintiff is suing Defendant under Texas law for DTPA violations including violations of Texas Insurance Code sections 541.060 (engaging in unfair claims settlement practices) and 541.061 (misrepresenting the insurance policy), and chapters 541 (engaging in unfair and deceptive acts) and 542 (failing to promptly pay and settle an insurance claim). (*Id*. at 3–4). Plaintiff also contends that Defendant

---

2  Plaintiff generically refers to Fluor and ICSOP as "Defendant" throughout his Petition.

breached its contract with Plaintiff. (*Id*. at 5). Plaintiff claims that Defendant knowingly committed these acts because Defendant "had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions." (*Id*. at 5–6).

5. Based on these claims, Plaintiff is seeking actual damages for past and future reasonable medical care and expenses. (*Id*. at 5). He is also seeking mental anguish damages because Defendant allegedly knowingly committed these acts, "multiple damages" for Defendant's alleged intentional conduct, exemplary damages, interest, court costs, and attorneys' fees. ((*Id*. at 5–7). ICSOP has generally denied Plaintiff's allegations. (Def. Orig. Ans., Ex. A).

## II.    Diversity Jurisdiction[3]

6. ICSOP is entitled to remove the state court action to this Court pursuant to 28 U.S.C. Sections 1332, 1441, and 1446 because but for Plaintiff's fraudulent joinder of Defendant Fluor Corporation, there is diversity jurisdiction in this suit.

**A. The Amount in Controversy Exceeds $75,000 Exclusive of Interest and Costs**

7. Plaintiff alleges in its Petition that he is seeking "monetary relief over $200,000 but no more than $1,000,000." (Pl.'s Orig. Pet. at 2, Ex. A). As such, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

---

3  Plaintiff's claims against Fluor and ICSOP do not involve statutory worker's compensation. Rather, the claims allegedly involve unfair insurance practices, improper claims handling, and failure to promptly settle his insurance claim and relate to "foreign voluntary" coverage. Plaintiff himself acknowledges this distinction in his Petition when he states that he was insured under a policy that provides "workers' compensation coverage offering identical benefits as would be available to Plaintiff had he been injured in the course and scope of his employment while in the employ of a Texas employer subscribing to the Texas statutory worker's compensation in place in 2003." (Pl.'s Orig. Pet. at 2, Ex. A). Thus, the federal statute precluding removal of a worker's compensation case is inapplicable to this lawsuit.

### B. Diversity Exists Despite the Non-Diverse Defendant Because that Defendant Was Fraudulently Joined

8.Plaintiff alleges in his Petition that he is a resident of Austin, Texas, which is in Travis County. (*Id*. at 1). He also contends that ICSOP is an "insurance company organized under the State of Pennsylvania and doing business in Texas." (*Id*. at 2). Indeed, ICSOP is incorporated in Pennsylvania and has its principal place of business in New York, New York. Plaintiff also filed suit against Fluor, which Plaintiff claims is a "Delaware for-profit corporation doing business in the State of Texas." (Pl.'s Orig. Pet. at 1, Ex. A). Fluor's principal place of business, however, is in Irving, Texas. Although on its face this appears to defeat diversity, ICSOP asserts that Fluor is an improper party to this suit that has been fraudulently joined. As discussed below, because Fluor has been fraudulently joined, this Court can disregard Fluor, the non-diverse defendant, in reviewing this removal.

9.According to the fraudulent joinder doctrine, "federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly joined non-diverse and/or in-state defendant." *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). To establish fraudulent joinder, the party must show an inability of the plaintiff to establish a cause of action against the non-diverse party. *Smallwood v. Ill. Cent. R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004). "When determining the possibility of recovery under state law, the court is permitted to conduct 'a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.'" *Wofford v. AllState Tex.*

*Lloyd's*, CIV.A.4:10-CV-00776, 2010 WL 2331361, at *4 (S.D. Tex. June 9, 2010) (quoting *Smallwood,* 385 F.3d at 573).  Plaintiff is unable to establish a cause of action against Fluor for two, independent reasons.

10. First, in his Petition Plaintiff claims that Fluor is his employer.  (Pl.'s Orig. Pet. at 2, Ex. A).  However, Fluor is in fact not Plaintiff's employer, and thus, Plaintiff has filed suit against the wrong party.  (*See* Decl. of H. Platts, Ex. B).  Fluor is an improper party to this lawsuit.

11. Second, Plaintiff alleges only acts or omissions in the handling of his insurance claim, and that Fluor, as a non-employer in fact and as the alleged employer, was not involved in handling his insurance claim.  Despite that fact, Plaintiff asserts violations of chapters 541 and 542 of Texas Insurance Code against both Fluor and ICSOP.  He specifically contends that "Defendant has delayed payment in an effort to induce Plaintiff to settle his lifetime medical benefits in exchange for a lump sum payment approximately equivalent to the dollar amount of Plaintiff's present medical expense claim."  (Pl.'s Orig. Pet. at 3, Ex. A.).  However, the purpose of Chapter 541 of the Texas Insurance Code is to "regulate the practices in the business of insurance," which applies to an "individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance."  Tex. Ins. Code Ann. § 541.001.  Additionally, chapter 542 applies only to insurers.  *Id*. § 541.002.  Plaintiff has no viable claim under the Texas Insurance Code against Fluor because it is not an insurer or in the business of

insurance. Consequently, he has no valid DTPA claim based on alleged violations of the Texas Insurance Code.

12.  Likewise, his breach of contract claim, which is based on the same bare facts, also fails. All of Plaintiff's allegations only relate to the entity handling his insurance claim, ICSOP. There is simply nothing plead in his Petition that would establish a cause of action against Fluor. Because Plaintiff cannot state a viable claim against Fluor, its joinder in this lawsuit is fraudulent, and complete diversity supports removal.

### III.   Venue

13.  Venue lies in the Western District of Texas, pursuant to 28 U.S.C. sections 1441(a) and 1446(a) because Plaintiff filed the state court action in this judicial district and division.

### IV.   Jury Demand

14.  Plaintiff has demanded a jury trial in the state court action.

### V.   ICSOP's Notice of Removal is Timely

15.  ICSOP was served with process through its agent Corporation Service Company on May 27, 2015. (Notice of Service of Process, Ex. A). ICSOP filed this Notice of Removal on June 26, 2015. Therefore, ICSOP filed the Notice of Removal within the thirty-day time period required by 28 U.S.C. section 1446(b).

### VI.   Defendant Fluor Corporation Consents to the Removal

16.  When removal is based on 28 U.S.C. section 1441(a), all defendants who have been properly served in the lawsuit must either join in the notice of removal or

consent to the removal.  28 U.S.C. §1446(b)(2)(A).  Counsel for ICSOP has conferred with counsel for Fluor, and Fluor consents to this removal.  (Decl. of H. Platts, Ex. B).

### VII.   ICSOP Has Established the Procedural Requirements for Removal

17.   This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a) because there is complete diversity of citizenship among the properly joined parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

18.   ICSOP is filing a Notice of Filing of Notice of Removal with the Travis County District Clerk, and will serve it and this Notice of Removal on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

### VIII.  Conclusion

The district courts of the United States have jurisdiction over this matter pursuant to 28 U.S.C. Section 1332 because it is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Therefore, Defendant The Insurance Company of the State of Pennsylvania prays that this lawsuit be removed to this Court, and that the 200th District Court of Harris County, Texas proceed no further with the case unless the case is remanded.

                        Respectfully submitted,

                        **WRIGHT & CLOSE, LLP**

                        */s/ Thomas C. Wright*
                        Thomas C. Wright
                        State Bar No. 22059400
                        Federal ID No. 2729

                Attorney-in-Charge
                Henry S. Platts, Jr.
                State Bar No. 00784770
                Federal ID No. 15613
                Natasha N. Taylor
                State Bar No. 24071117
                Federal ID No. 1102665
                One Riverway, Suite 2200
                Houston, Texas 77056
                Telephone: (713) 572-4321
                Facsimile: (713) 572-4320
                wright@wrightclose.com
                platts@wrightclose.com
                taylor@wrightclose.com

                **COUNSEL FOR DEFENDANT THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA**

## **CERTIFICATE OF SERVICE**

This is to certify a true and correct copy of the above and foregoing instrument was served upon all counsel of record in accordance with the Federal Rules of Civil Procedure via the Court's CM/ECF system on June 26, 2015.

Mark Crampton
CRAMPTON LAW OFFICE
3355 Bee Caves Road, Suite 301-B
West Lake Hills, Texas 78746
mark@cloatx.com

M. Lane Lowrey
SCHOUEST, BAMDAS, SOSHEA & BENMAIER
1001 McKinney St., Ste. 300
Houston, Texas 77002
llowrey@sbsblaw.com

*/s/ Natasha N. Taylor*
Natasha N. Taylor